UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE: ANDERSON LEE FERNANDERS,

Case Number 15-14091
                    Debtor.                              Bankr. Number 14-32678
_____/                Honorable David M. Lawson

**ORDER DENYING MOTION FOR RECONSIDERATION**

Before the court is a motion by debtor Anderson Lee Fernanders to reconsider the Court's previous order denying a motion to withdraw the reference of the debtor's Chapter 7 bankruptcy case from the bankruptcy court. Fernanders has not shown that the prior order was erroneous or mistakenly entered. Therefore, the motion for reconsideration will be denied.

I.

Fernanders filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on October 2, 2014. His case was referred to a bankruptcy judge in the Eastern District of Michigan under 28 U.S.C. § 157(a) and E.D. Mich. LR 83.50(a). At some point in the proceedings, Wells Fargo Bank, which held a lien on Fernanders's car, moved to lift the automatic stay so it could repossess the vehicle. The bankruptcy court granted the motion and Fernanders did not appeal. Thereafter, however, he filed a motion for sanctions against Wells Fargo. The bankruptcy court denied the motion, and Fernanders filed a notice of appeal. Because the order denying the sanctions motion was non-final, this Court treated the notice as a motion for permission to appeal, denied it, and dismissed the appeal for want of jurisdiction. *In re Fernanders*, No. 15-10557, 2015 WL 4430224 (E.D. Mich. July 20, 2015).

On September 8, 2015, the bankruptcy judge entered a final decree stating that the estate had been fully administered, the case was closed, and the trustee was discharged. On November 11,

2015, Fernanders filed a motion to withdraw the reference to the bankruptcy judge, and on December 14, 2015, the Court denied the motion as untimely and lacking merit.  Order Denying Motion, dkt. #4.  On December 30, 2015, Fernanders filed the present motion for reconsideration.

## II.

Motions for reconsideration may be granted under E.D. Mich. LR 7.1(h)(1) when the moving party shows (1) a "palpable defect," (2) that misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case.  E.D. Mich. LR 7.1(h)(3).  A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain.  *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich.  2002) (citations omitted).  "Generally . . . the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court." E.D. Mich. LR 7.1(h)(3).

Fernanders makes three arguments in support of his motion for reconsideration: (1) the Court erred in relying on *Nielsen v. Miller*, 125 F. App'x 227, 228 (10th Cir. 2005), when concluding that the motion to withdraw the reference must be filed timely; (2) the bankruptcy proceeding was not final because a district court did not enter a judgment on the merits; and (3) the motion to withdraw reference was timely because Fernanders only recently became aware of his grounds to support a motion to withdraw the reference.

### A.

In *Nielsen v. Miller*, the court denied a motion to withdraw the reference to the bankruptcy judge because a "motion for withdrawal filed eighteen years after bankruptcy proceedings [were] instituted — especially when those bankruptcy proceedings are on the 'brink of closure' — is not

timely." *Nielsen v. Miller*, 125 F. App'x 227, 229 (10th Cir. 2005). Mr. Fernanders argues that his

case is distinguishable because his motion to withdraw was filed less than a year after his bankruptcy

proceeding was instituted. However, the *Nielsen* court, in addition to denying the motion because

it was filed eighteen years after the bankruptcy proceeding began, also denied the motion because

the case was on "the brink of closure." Fernanders's case was not on the brink of closure. It was

closed, and *Nielsen* is instructive on that point. The Court's reference to *Nielsen v. Miller* is not a

palpable defect that misled the Court.

B.

Fernanders argues that this Court's order denying his interlocutory appeal stated that

bankruptcy proceedings are not final until a district court has entered a final order on the case. *See*

*In re Fernanders*, 2015 WL 4430224, at *1. He further argues that *Stern v. Marshall*, 564 U.S. ---,

131 S. Ct. 2594 (2011), supports this position. He is wrong on both counts.

The Court dismissed Fernanders's earlier appeal because he attempted to seek review of an

interlocutory order denying a motion for sanctions as if it were a final order and without seeking

leave to appeal. The Court explained that the "district court's appellate jurisdiction over bankruptcy

matters extends to 'final judgments, orders, and decrees . . . and, with leave of the court, from

interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to

the bankruptcy judges under section 157 of this title.'" *In re Fernanders*, 2015 WL 4430224, at *2

(quoting 28 U.S.C. § 158(a)). The Court explained that the term "final order" in 28 U.S.C. § 158(a)

has the same meaning as used in the general appellate jurisdiction statute, 28 U.S.C. § 1291. *Ibid.*

The general jurisdiction statute does not consider an order or judgment "final" "'until there has been

a decision by the District Court that "ends the litigation on the merits and leaves nothing for the

-3-

court to do but execute the judgment."'" *Ibid.* (quoting *Midland Asphalt Corp. v. United States*, 489 U.S. 794 (1989)). This language apparently has confused Fernanders. He understood the phrase literally to apply to bankruptcy proceedings, in that a bankruptcy discharge would not be "final" when pronounced by a bankruptcy judge until a district court entered a judgment. He is wrong, however; this Court's reference to *Midland Asphalt* was nothing more than an explication of the general appellate jurisdiction statute.

Fernanders also relies on *Stern v. Marshall* to support his argument that the bankruptcy proceeding was not "final" when the bankruptcy judge closed the case and discharged the trustee. In *Stern*, the Supreme Court held that the bankruptcy court has authority under Article III of the Constitution to enter final judgments in certain (but not all) "core proceedings," but not in other proceedings that arise under Title 11 or arise in a case under Title 11 of the United States Code, despite congressional authority to do so. 131 S. Ct. at 2620. The claim in contention in that case was a state law counterclaim brought by a bankruptcy debtor against a creditor with a disputed claim of his own.

After *Stern*, the Supreme Court clarified that the bankruptcy court may address so-called *Stern* claims — that is, those claims that relate to a bankruptcy case that require adjudication by an Article III judge — but instead of entering final judgment, it must "issue proposed findings of fact and conclusions of law to be reviewed *de novo* by the district court." *Executive Benefits Ins. Agency v. Arkison*, --- U.S. ---, 134 S. Ct. 2165, 2168 (2014).

Fernanders appears to argue that because the bankruptcy court did not issue such proposed findings and conclusions, his bankruptcy cannot be "final." However, he has not identified any

-4-

*Stern* claims that need adjudicating by this Court. The bankruptcy court had jurisdiction to administer Fernanders's Chapter 7 case and reached a final decision.

Finally, Fernanders argues that Eastern District of Michigan Local Rule 83.50 does not state that a motion to withdraw must be timely. The local rule states that "[d]istrict judges will hear motions to withdraw cases or proceedings. The district clerk will serve a copy of the order on the bankruptcy clerk and the bankruptcy judge." E.D. Mich. LR 83.50(b). Fernanders correctly reads the local rule not to contain a specific reference to timeliness. However, motions to withdraw the reference are governed by 28 U.S.C. 157(d), which specifically and plainly requires the "*timely* motion of a party." (Emphasis added).

C.

Fernanders also argues that his motion to withdraw the reference was not filed too late because courts generally define "timely" as "'as soon as possible after the moving party is aware of grounds for withdrawal of reference' or as 'at the first reasonable opportunity after the moving party is aware of grounds for withdrawal of reference.'" *In re Black Diamond Min. Co.*, LLC, No. CIV.A. 10-84-KKC, 2010 WL 5173271, at *1 (E.D. Ky. Dec. 14, 2010) (quoting *In re Mahlmann*, 149 B.R. 866, 869 (N.D. Ill. 1993)). Those cases do not help him. In *Mahlmann*, the court notes that timeliness is not defined in section 157(d), and that courts have varied in determining what is untimely. 149 B.R. at 869 (citing cases where motions to withdraw were made between seven weeks to a year with varying results). In *Mahlmann*, however, all of the cases cited were pending, not closed. *Ibid.* It is safe to say that a motion to withdraw the reference in a closed bankruptcy case is not a timely motion.

-5-

If Fernanders believes he has grounds to attack the bankruptcy final decree, then the proper course would be to appeal the decision as prescribed by under 28 U.S.C. § 158, not by an untimely motion to withdraw the reference.

III.

The movant has not demonstrated a palpable defect in the Court's previous order.

Accordingly, it is **ORDERED** that the motion for reconsideration [dkt. #6] is **DENIED.**

s/David M. Lawson          <br>DAVID M. LAWSON<br>United States District Judge

Dated:   April 13, 2016

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 13, 2016.

s/ Susan Pinkowski     <br>SUSAN PINKOWSKI

---